UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 29, 2019

LETTER TO COUNSEL

RE: *Nadine T. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-1321

Dear Counsel:

On May 7, 2018, Plaintiff Nadine T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplementary Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 21, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial of benefits, Plaintiff filed the instant claim for benefits on September 16, 2013, alleging an onset date of June 1, 2013.[1] Tr. 227-32. Her claim was denied initially and on reconsideration. Tr. 161-64, 168-89. A hearing was held on December 1, 2016, before an Administrative Law Judge ("ALJ"). Tr. 32-93. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-26. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "bipolar disorder, schizoaffective disorder, post-traumatic stress disorder (PTSD), depression, anxiety, chronic obstructive pulmonary disease (COPD), and lumbar degenerative disc disease." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that the claimant is limited to no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no exposure to unprotected heights; occasional exposure to weather, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme heat, and extreme cold; performing

---

[1] Although a request to amend the onset date to May 28, 2015, is in the record, Tr. 241, Plaintiff withdrew the request to amend at the hearing, Tr. 36-39.

> simple, routine and repetitive tasks but not a production rate pace; making simple work-related decisions; and occasional contact with coworkers, supervisors, and the public.

Tr. 20. After considering the testimony of a vocational expert, the ALJ determined that Plaintiff had no past relevant work, but could perform jobs existing in significant numbers in the national economy. Tr. 24-26. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 26.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ erred by not limiting Plaintiff to one-to-two step instructions; and (2) that the ALJ erred by limiting Plaintiff to production rate pace without defining that limitation. ECF 17-1 at 8-12; ECF 22 at 2-7. I agree with Plaintiff's second argument, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, in *Thomas v. Berryhill*, 916 F.3d 307 at 312-13 (4th Cir. 2019), the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of a clear definition of that phrase frustrated appellate review. *See also Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___, 2019 U.S. App. LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). The Fourth Circuit held that without further explanation, it was unable to determine if the RFC "properly accounts for Thomas's moderate limitations in concentration, persistence, and pace." *Thomas*, 916 F.3d at 312 n.5. Similarly, in Plaintiff's case, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, Tr. 19, but provided no definition of the "production rate pace" limitation, *see* Tr. 20, 83. That RFC limitation is directly analogous to the phrase deemed problematic in *Thomas*. Therefore, this Court is unable to determine if the ALJ supported the RFC analysis with substantial evidence and properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace.

Because this case is being remanded on other grounds, I need not address Plaintiff's other argument that the ALJ should have included an RFC limitation to one-to-two step instructions. On remand, the ALJ can consider whether any further limitation or explanation on that point is required.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge